UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, </br></br> Plaintiff, </br></br> vs. </br></br> MARTORELLI INC., </br> D/B/A THE BROOM, INC., </br> CARUSO EQUIPMENT, CO., INC., and </br> WAKEFERN FOOD CORP, D/B/A PRICERITE, </br></br> Defendants. | C.A. NO.: 24-cv-11324 </br></br> Electronically Filed |

## COMPLAINT

### INTRODUCTORY STATEMENT

This is a Declaratory Judgment action brought pursuant to 28 U.S.C. sec. 1332 in which the Plaintiff, Atain Specialty Insurance Company ("Atain"), seeks a declaration that it is not obligated to defend and/or indemnify its insured Martorelli Inc., with respect to a Massachusetts Superior Court personal injury lawsuit brought by Richard Dingwell ("Dingwell") against insured Martorelli, Inc. d/b/a "The Broom" ("Martorelli"). Atain asserts that the applicable Commercial General Liability Policy does not provide coverage for the loss on the grounds that: (1) the Classification Limitation limits coverage to "landscape gardening and snow removal" and thus excludes coverage for parking lot sweeping; and (2) the policy does not cover either snow plow/removal services at 'strip centers,' or the insured's liability for bodily injury arising out of the failure to monitor any premises for ice conditions or any other hazards.

## PARTIES

1. The Plaintiff, Atain, is a Michigan Corporation with its principal place of business at 30833 Northwestern Highway, Farmington Hills, Michigan.

2. The Defendant Martorelli, Inc., d/b/a "The Broom, Inc." is a Massachusetts corporation with a principal place of business 70 Butler Street, Suffolk County, Revere, Commonwealth of Massachusetts.

3. The Defendant Caruso Equipment, Co., Inc., is a Massachusetts corporation with a principal place of business at 320 Charger Street, Revere, Suffolk County, Commonwealth of Massachusetts.

4. The Defendant Wakefern Food Corp., d/b/a Price Rite, is a New Jersey corporation with a principal place of business at 255 Squire Road, Revere, Suffolk County, Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. sec. 1332, in this Court because the Plaintiff and the Defendants are citizens of different states and the amount in controversy, exclusive of costs and interests, exceeds the sum of $75,000.00.

6. Venue is properly laid in this judicial district because the events giving rise to the claims set forth in this Complaint occurred in this district. Plaintiff's insured conducts business in the district and the relevant acts and omissions as alleged occurred in this district.

## FACTS

7. Atain issued the Commercial General Liability policy to Martorelli for the period of December 8, 2020 through December 8, 2021. A true and accurate copy of the Atain policy is attached hereto as **Exhibit 1**.

8. Dingwell has filed a negligence action against Allen Associates Properties, Inc., the property manager for the Northgate Shopping Center, in the Suffolk County Superior Court alleging that on February 5, 2021, he was a visitor at PriceRite, a grocery store located at the Northgate Shopping Center, 300 Squire Road, Revere. Dingwell claims he slipped and fell on ice or snow in the parking lot suffering personal injury. See Dingwell v. Allen Associates Properties, Inc., et. al., Suffolk County Civ. Act. No.: 2184cv01307, a true and accurate copy of the complaint is attached hereto as **Exhibit 2**.

9. The Northgate Shopping Center is an open-air strip center which contains approximately 30 stores.

10. Allen Associates Properties, Inc., and Martorelli, Inc., entered into a contract in which Martorelli Inc., under the d/b/a/ "The Broom, Inc.," agreed to provide parking lot sweeping, trash receptacle maintenance, and debris removal for the Northgate Shopping Center, a true and accurate copy of the contract is attached hereto as **Exhibit 3**.

11. Pursuant to the contract, "The Broom, Inc." is a division of Martorelli Landscaping and provides "Parking Lot Sweeping and Maintenance."

12. With respect to the State Court litigation, Allen Associates Properties, Inc. asserted a third party claim against Caruso Equipment, Inc., for indemnification and contribution premised on the Caruso Equipment, Inc.'s agreement to provide snow and ice removal services for the Northgate Shopping Center.

13. Caruso Equipment, Inc., in turn, filed a fourth party claim for contribution and indemnification against Northgate Shopping Center, LLC, Wakefern Food Corp. d/b/a/ PriceRite, and Martorelli, alleging that Martorelli "failed to properly inspect, manage, maintain, or control the premises, including the area where the Plaintiff fell." A true and accurate copy of the fourth party complaint is attached hereto as **Exhibit 4**.

14. Wakefern Food Corp. d/b/a PriceRite in turn filed a cross claim against Martorelli for contribution and indemnification. A true and accurate copy of Wakefern Food Corp. d/b/a/ PriceRite cross claim is attached hereto as **Exhibit 5**.

15. Atain is currently defending Martorelli Inc. under a reservation of rights.

16. The Atain policy's Supplemental Declarations assert that Martorelli Inc.'s business is snow/landscaping and sets for the following classifications: landscape gardening; snow removal; blanket additional insureds; and blanket waiver of subrogation.

17. The policy contains a "**CLASSIFICATION LIMITATION**" which provides as follows:

    Coverage under this policy is specifically limited to, and applies only to those classifications as described under the applicable Coverage Part or Schedule designated in the Declarations Page of this policy.

    This policy excludes coverage for any operation not specifically listed in the Coverage Part, Schedule or Declarations Page of this policy.

18. Atain seeks to deny coverage to Martorelli pursuant to the "Classification Limitation" as the policy excludes coverage for any operation not specifically listed in the Coverage Part, Schedule or Declarations Page.

19. The policy does not provide coverage for parking lot sweeping and maintenance and only provides coverage for "landscaping gardening and snow removal" operations.

20. Parking lot sweeping and maintenance is neither a landscaping-gardening nor a snow removal operation and is not an activity that supports the classified business. Rather, Parking lot sweeping and maintenance is an independent and unrelated activity, which has its own classification.

21. The Atain policy contains the following provision:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY

**EXCLUSION – DESIGNATED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY PART

**SCHEDULE**

Description of Designated Operation(s):

1. ANY SNOW OR ICE REMOVEAL FOR ANY "LOCATION" THAT INCLUDES ANY OF THE FOLLOWING: (1) MALLS; (2) STRIP CENTER WITH MORE THAN FIVE STORES; (3) SCHOOL; (4) HOSPITAL; (5) NURSING HOME OF ASSISTED LIVING FACILITY; OR (6) BUS OR TRAIN TERMINALS, INCLUDING COMMUTER PARKING LOTS.
2. ANY SNOW OR ICE REMOVAL FROM THE ROOF OF ANY STRUCTURE OF ANY TYPE WHEREVER LOCATED.

The following exclusion is added to paragraph 2.  Exclusions of COVERAGE A-BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of any designated operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

For purposes of this endorsement "location" means any and all parts of any premises listed in the Schedule above as well as any and all areas surrounding the premises listed in the schedule.  "Location" includes, but is not limited to any sidewalk(s), parking lot(s), roadway(s), stair(s), entrance(s), exit(s), or walkway(s) used by any pedestrian(s).

3. "Bodily injury" or "property damage" arising out of the monitoring or failure to monitor any "Premises" for weather, snow conditions, ice conditions, or any other hazards.

22. To the extent Martorelli performed snow or ice removal operations at the Northgate Shopping Center, the Designated Operations exclusion excludes coverage as Martorelli was conducting operations at a strip center with more than five stores.

23. To the extent Martorelli performed snow or ice removal operations at the Northgate Shopping Center, the Designated Operations excludes coverage due to Martorelli's failure to monitor any premises for weather, snow conditions, ice conditions, or any other hazards.

### COUNT I
#### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02
*The Classification Limitation*

24. Atain incorporates herein the allegations of paragraphs 1-23.

25. Atain has presented an actual controversy within the jurisdiction of this court with respect to Atain's obligation to provide the Defendant Martorelli with a defense and/or indemnity pursuant to the Commercial General Liability Policy Atain issued to Martorelli.

26. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy pursuant to the Classification Limitation for the claims asserted against Martorelli as the claims arise from or relate to parking lot sweeping and maintenance and do not arise or relate to Martorelli's snow removal or landscape gardening operations.

### COUNT II
#### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02
*Designated Operations Exclusion*

27. Atain incorporates herein the allegations of paragraphs 1-26.

28. Atain has presented an actual controversy within the jurisdiction of this Court with respect to Atain's obligation to provide the Defendant Martorelli with a defense and/or indemnity pursuant to the Commercial General Liability Policy Atain issued to Martorelli.

29. To the extent Martorelli was performing, or was alleged to have performed, ice or snow removal from the Northgate Shopping Center, the Designated Operations Exclusion bars coverage as snow or ice removal from a strip center with more than five stores is excluded from coverage.

30. To the extent Martorelli was performing, or was alleged to have performed, ice or snow removal from the Northgate Shopping Center, the Designated Operations Exclusion bars

coverage as the provision excludes coverage due to Martorelli's failure to monitor the premises for ice conditions or other hazards.

**WHEREFORE**, Atain requests this Honorable Court to declare that coverage is excluded under the Atain policy for the claims made against Martorelli Inc. as set forth in <u>Dingwell v. Allen Associates Properties, Inc., et. al.</u>, Suffolk County Civ. Act. No.: 2184cv01307. Atain further requests that this Honorable Court declare that Atain has neither a duty to defend nor a duty to indemnify Martorelli, Inc.

>
> Respectfully Submitted,
> Atain Specialty Insurance Company
> By Its Attorneys,
>
>
> /s/ Matthew W. Perkins_____
> Matthew W. Perkins,
> BBO No. 564868
> Lecomte, Emanuelson and Doyle
> Batterymarch Park II, One Pine Hill Drive
> Suite 105, Quincy, MA 02169
> (617) 328-1900
> mperkins@lecomtelaw.com

Dated: May 20, 2024